UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

**MARK HAMMONDS,**

    **Plaintiff,**

    v.

**DESIREE DAVIS,**

    **Defendant.**

Case No. 1:22-cv-564
**JUDGE DOUGLAS R. COLE**
**Magistrate Judge Litkovitz**

## ORDER

This cause is before the Court on the Magistrate Judge's October 3, 2022, Report and Recommendation ("R&R," Doc. 4) recommending that this Court dismiss Plaintiff Mark Hammonds's Complaint (Doc. 3) with prejudice for failure to state a claim. For the reasons below and given the lack of any objections to the R&R, the Court **ADOPTS** the R&R (Doc. 4) but **DISMISSES** Hammonds's Complaint (Doc. 3) **WITHOUT PREJUDICE** to refiling in state court.

Hammonds is incarcerated at the Correctional Reception Center in Orient. (Doc. 3). He moved for leave to proceed in forma pauperis with this suit on September 28, 2022. (Doc. 1). The Magistrate Judge granted Hammonds's Motion (Doc. 2) and ordered his Complaint (Doc. 3) filed on October 3. That same day, the Magistrate Judge issued the R&R, recommending that this Court dismiss the Complaint for failure to state a claim upon which relief can be granted on the ground that this Court lacks subject matter jurisdiction. (Doc. 4, #36).

The R&R also advised the parties that failure to object within fourteen days may result in forfeiture of rights, including the right to district court review. (*Id.* at #35). *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed."); *Berkshire v. Beauvais*, 928 F.3d 520, 530 (6th Cir. 2019) (noting "fail[ure] to file an objection to the magistrate judge's R&R ... is forfeiture"); 28 U.S.C. § 636(b)(1)(C).

Neither party objected. Still, the advisory committee notes to Federal Rule of Civil Procedure 72(b) suggest that the Court must "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Redmon v. Noel*, No. 1:21-cv-445, 2021 WL 4771259, at *1 (S.D. Ohio Oct. 13, 2021) (collecting cases). The Court has done so here and finds no clear error.

Hammonds's Complaint is succinct: "I am suing Desiree Davis for lying on me and her having her kids lie on me she set in that Courtroom on the Stand and right on out right lied on me when she know I did none of what her and her kids said I did." (Doc. 3, #31). The Magistrate Judge capably analyzed these allegations and concluded that neither diversity jurisdiction nor federal question jurisdiction is present here. The Court agrees. Hammonds has identified no facts in his Complaint giving rise to a claim that can be heard in this Court.

For this reason, the Court **ADOPTS** the R&R's (Doc. 4) recommendation to dismiss the matter. But, as the dismissal is for lack of subject matter jurisdiction, the Court **DISMISSES** Hammonds's Complaint (Doc. 3) **WITHOUT PREJUDICE** to

refiling in state court.[1] The Court further **CERTIFIES**, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this Order would not be taken in good faith and therefore **DENIES** Hammonds leave to appeal in forma pauperis. And the Court **DIRECTS** the Clerk to enter judgment and **TERMINATE** this matter on the Court's docket.

    **SO ORDERED.**

| | |
|---|---|
| January 5, 2023 | |
| **DATE** | **DOUGLAS R. COLE**<br>**UNITED STATES DISTRICT JUDGE** |

---

[1] As the Court is dismissing this matter for lack of subject matter jurisdiction, it also **DENIES** Hammonds's request for appointed counsel (Doc. 5). As with the matter generally, though, the Court's denial is without prejudice to his ability to re-raise this issue upon refiling in state court.